UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARGARET E. STUMM and<br>MITCHELL L. STUMM,<br><br>                    Plaintiffs,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; and<br>THE BANK OF NEW YORK MELLON as<br>successor to JP Morgan Chase Bank, N.A. as<br>Trustee for Holders of SAMI II Trust 2006-<br>AR7,<br><br>                    Defendants. | Case No. 11-CV-3736 (PJS/LIB)<br><br>ORDER |

Patrick D. Boyle, LAW OFFICE OF PATRICK D. BOYLE, for plaintiffs.

Andre Hanson, FULBRIGHT & JAWORSKI LLP, for defendants.

This matter is before the Court on the motion of defendant Bank of America, N.A. ("Bank of America"), sued herein as BAC Home Loans Servicing, LP ("BAC"), to dismiss the amended complaint of plaintiffs Margaret and Mitchell Stumm. The other defendants join in the motion. The Court grants the motion for the reasons provided below.

I.  BACKGROUND

In 2006, the Stumms borrowed money from BAC to buy a home. The loan was secured by a mortgage. The Stumms defaulted on the loan in early 2009. After defaulting, the Stumms inquired about possible loan-modification and financial-assistance programs, and BAC responded by informing the Stumms about the Home Affordable Modification Program ("HAMP"). The Stumms applied for a HAMP modification. A sheriff's sale of the Stumms'

home was scheduled for August 2, 2010, but before the sale occurred, the Stumms learned that they had pre-qualified for a HAMP modification, and BAC agreed to postpone the sheriff's sale.

In the fall of 2010, Margaret lost her job, and, because of the loss of income to the Stumms, they no longer qualified for a HAMP modification. The Stumms received notice of the rejection of their HAMP application on January 18, 2011. One week later, the Stumms applied again for a HAMP modification. On March 31, 2011, while that second application was pending, the Stumms were notified that the sheriff's sale of their house had been rescheduled for May 5, 2011.

On April 28, 2011 — exactly one week before the sheriff's sale was scheduled to take place — the Stumms called BAC to ask whether BAC had received documents that the Stumms had submitted in support of their second HAMP application. The Stumms allege that during this phone conversation, an unknown BAC representative told them that they had again been pre-approved for a HAMP modification, and that the sheriff's sale would again be postponed. Despite that alleged assurance, the sale went forward as planned on May 5, 2011.

The Stumms sued defendants in Minnesota state court, asserting claims of breach of contract, fraud, negligent misrepresentation, breach of statutory duties, and promissory estoppel. Bank of America (as successor-by-merger to BAC) removed the case to federal court and moved to dismiss the complaint. ECF No. 3. The Stumms asked for leave to amend their complaint. ECF No. 7. The Court granted leave to amend, but warned the Stumms that their original complaint failed to adequately plead detrimental reliance, which was an essential element of their claims for fraud, negligent misrepresentation, and promissory estoppel. ECF No. 11. The Stumms filed their amended complaint, reasserting claims of fraud, negligent misrepresentation,

and promissory estoppel.[1]  ECF No. 16.  Bank of America now moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted.  ECF No. 20.

## II.  ANALYSIS

### A.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a court must accept as true a complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the plaintiff's factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must also "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing a claim's plausibility, the Court may disregard any allegation that is conclusory.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that conclusory allegations "are not entitled to the assumption of truth.").

### B.  Fraud

The Stumms allege that BAC committed fraud when an unnamed BAC telephone representative told the Stumms that the sheriff's sale of their home scheduled for May 5, 2011 would be postponed.  Under Minnesota law, a plaintiff must establish five elements to succeed on a claim for fraudulent misrepresentation:

> that (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffered pecuniary damage as a result of the reliance.

---

[1] The Stumms dropped their claim for breach of statutory duties.  The Stumms repleaded their breach-of-contract claim, but withdrew it at the hearing on defendants' motion to dismiss.

*Hoyt Properties, Inc. v. Production Resource Group, LLC*, 736 N.W.2d 313, 318 (Minn. 2007) (internal quotations omitted).

Rule 9(b) of the Federal Rules of Civil Procedure requires that, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ."  To assert a fraud claim with the particularity required under Rule 9(b), a complaint must allege in detail "the who, what, when, where, and how" of the fraud.  *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997).  Moreover, parties who allege fraud must plead detrimental reliance with particularity — including "how [the defendant] intended plaintiffs to act in reliance on each of the alleged misrepresentations, the nature of plaintiffs' justifiable reliance on each misrepresentation, and the damage resulting from such reliance."  *Allison v. Security Ben. Life Ins. Co.*, 980 F.2d 1213, 1216 (8th Cir. 1992).  *See also Cox v. Mortgage Electronic Registration Systems, Inc.*, 685 F.3d 663, 673 (8th Cir. 2012) ("Thus, the homeowners must plead 'the time, place, and contents' of the false representations, the identity of the individual who made the representations, *and what was obtained thereby*, to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).") (emphasis added); *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 852-53 (6th Cir. 2006) ("Conclusory statements of reliance are not sufficient to explain with particularity how she detrimentally relied on the alleged fraud . . . .") (citation omitted); *In re NationsMart Corp. Sec. Litig.*, 130 F.3d 309, 321-22 (8th Cir. 1997) (affirming dismissal of fraud claims under Rule 9(b) for failure to plead reliance with particularity).

The fraud claim pleaded in the Stumms' amended complaint is deficient in several respects.  First, the amended complaint does not allege the "who" — that is, the name of the BAC representative who assured the Stumms that the sheriff's sale would be postponed.  The failure to provide the name of an employee who made an allegedly fraudulent statement is not necessarily fatal, as long as the complaint pleads sufficient facts to allow the employer readily to

identify the employee who spoke to the plaintiff. And had this been the only defect in the Stumms' amended complaint, the Court would likely not dismiss their fraud claim, as it appears that Bank of America is able to ascertain from its records the identity of the employee who spoke with the Stumms on April 28, 2011. But this is not the only defect in the Stumms' amended complaint.

Second, the assertion of the unnamed BAC employee that the Stumms characterize as fraudulent — his assurance that the sheriff's sale would be postponed — was not a representation regarding a past or existing fact, but instead a promise about a future event. For a promise to be fraudulent, the person making the promise must, at the time the promise is made, not intend to fulfill the promise. As the Minnesota Supreme Court has said:

> It is a well-settled rule that a representation or expectation as to future acts is not a sufficient basis to support an action for fraud merely because the represented act or event did not take place. It is true that a misrepresentation of a present intention could amount to fraud. However, it must be made affirmatively to appear that the promisor had no intention to perform at the time the promise was made.

*Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 368-69 (Minn. 2009) (quoting *Vandeputte v. Soderholm*, 216 N.W.2d 144, 147 (Minn. 1974)).

In pleading their fraud claim, the Stumms merely assert that the BAC representative "intended to defraud" them. Am. Compl. ¶ 52. The Stumms do not elaborate, and nothing in the amended complaint even hints as to why the BAC employee who took the Stumms call on April 28, 2011 would intentionally lie about the postponement of the sheriff's sale. This is plainly insufficient under Rule 9(b). "Because one of the main purposes of [Rule 9(b)] is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy

the rule." *Commercial Prop. Invs. Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) (internal citations omitted).

Finally, and most importantly, the Stumms have failed to plead with particularity how they relied to their detriment on the assertion of the BAC representative. The Court alerted the Stumms to this defect when it gave the Stumms leave to amend their complaint. ECF No. 11. In response to the Court's warning, the Stumms amended their complaint to plead that "Plaintiffs relied on Defendants' misrepresentations by not exploring alternatives to foreclosure nor did they divert money into saving their home . . . ." Am. Compl. ¶ 37.[2] This might suffice to allege *reliance*, but it does not suffice to allege *detrimental* reliance. The Stumms allege that, because of the assertion of the BAC representative, they did not "explor[e] alternatives to foreclosure." *Id.* But the Stumms do not plead — much less plead with specificity — that any of these "alternatives" were actually available to them. Obviously, the Stumms could not have been *harmed* by their failure to explore alternatives to foreclosure unless one of those alternatives would have *worked*. Similarly, the Stumms allege that they did not "divert money into saving their home." *Id.* Again, though, the Stumms do not plead — much less plead with specificity — that they actually had funds available to "divert" into bringing their mortgage current.

It is not surprising that the Stumms cannot allege detrimental reliance with the particularity required by Rule 9(b). At the time that the Stumms spoke to the BAC representative, they had been in default on their mortgage for *two years*. It is very difficult to believe that, after not being able to make a mortgage payment for two years, the Stumms could have found a way to save their home in the *seven days* between the time that they talked to the

---

[2]Although this paragraph is numbered "37," it appears between paragraphs 53 and 54 in the amended complaint.

BAC representative on April 28, 2011, and the time that their home was sold on May 5, 2011. And, indeed, in his brief, plaintiff's counsel candidly admitted that "[w]e will never know what Plaintiffs would have done, what funds they would have secured, or what options they would have pursued to avoid foreclosure had Defendants been honest with Plaintiffs." Mem. in Opp'n at 19 [ECF No. 24].

That's the point. In order to plead a fraud claim with particularity, the Stumms must allege more than that they *do not know* if they were harmed by relying on the allegedly fraudulent promise. Instead, they must allege that they *were* harmed by the allegedly fraudulent promise — and they must describe with particularity *how* they were harmed. They might, for example, identify the program that would have come to their rescue or the source of funds that they could have diverted to bring their mortgage current. They do no such thing, and thus their fraud claim must be dismissed.

### C. Negligent Misrepresentation

The Stumms also assert a claim of negligent misrepresentation based on the same assertion by the same unnamed BAC representative. "Under Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity." *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010). As explained above, the Stumms' amended complaint fails to allege detrimental reliance — an essential element of a negligent-

misrepresentation claim[3] — with the particularity required by Rule 9(b). Accordingly, the negligent-misrepresentation claim must also be dismissed.

### D. Promissory Estoppel

Like a plaintiff seeking to recover for fraud or negligent misrepresentation, a plaintiff seeking to recover for promissory estoppel must prove that she relied to her detriment on a statement made by another. *See Cohen v. Cowles Media Co.*, 479 N.W.2d 387, 391 (Minn. 1992) (setting forth elements of promissory reliance under Minnesota law). But unlike a plaintiff seeking to recover for fraud or negligent misrepresentation, a plaintiff seeking to recover for promissory estoppel may plead detrimental reliance under the general pleading standard of Rule 8(a); she does not have to meet the more stringent standard of Rule 9(b). *See, e.g., Blackwater Technologies, Inc. v. Synesi Grp., Inc.*, No. 06-CV-1273, 2008 WL 141781, at *6 (D. Minn. Jan. 14, 2008) (analyzing a claim of promissory estoppel under the pleading standard of Rule 8(a)).

The general pleading standard of Rule 8(a) is not toothless, however, as the United Supreme Court made clear in the landmark cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In those cases, the Supreme Court held that a plaintiff proceeding under Rule 8(a) must plead sufficient facts to "raise a right to relief

---

[3]The elements of a negligent-misrepresentation claim are (1) the supply of false information to another person in order to guide that person in his or her own business transactions; (2) failure to use reasonable care or competence in obtaining the information or communicating the information to the other person; (3) justifiable reliance by the other person on the information; and (4) financial harm as a result of that reliance. *See Hardin County Sav. Bank v. Housing and Redevelopment Auth.*, No. A10-1854, 2012 WL 4094350, at *7-8 (Minn. Sept. 19, 2012).

above the speculative level," *Twombly*, 550 U.S. at 555, and to "state a claim to relief that is plausible on its face," *id*. at 570.  The Stumms' amended complaint fails to meet this threshold.

As noted, the Stumms allege that, in the seven days between the time that they spoke to the BAC representative and the time that the sheriff's sale took place, they could have pursued unidentified alternatives to foreclosure or brought their mortgage current by diverting an unknown amount of funds from an unknown source.  But the Stumms' mortgage had been in default for over two years, and at no point during those two years did the Stumms find a viable alternative to foreclosure or an alternative source of funds.  It is simply implausible to suggest that they could have done so in the week preceding the sheriff's sale.  Without further factual allegations, the Stumms do not plausibly allege detrimental reliance, and thus their promissory-estoppel claim must be dismissed.

The Stumms' promissory-estoppel claim must be dismissed for a second reason.  Under the Minnesota Credit Agreement Statute ("MCAS"), "[a] debtor may not maintain an action on a credit agreement unless the agreement is in writing . . . ."  Minn. Stat. § 513.33, subd. 2.  "Credit agreement" is defined to include "an agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation."  Minn. Stat. § 513.33, subd. 1.  The Eighth Circuit has recently held that a promise to postpone a foreclosure sale — precisely the type of promise allegedly made to the Stumms — is a "financial accommodation" for purposes of the MCAS.  *Brisbin v. Aurora Loan Services, LLC*, 679 F.3d 748, 753 (8th Cir. 2012).  Thus, such a promise is not enforceable unless it is in writing, and the Stumms do not allege that the promise made to them was in writing.

The Stumms argue, however, that defendants should be equitably estopped from relying on the MCAS. As a general matter, the doctrine of equitable estoppel limits the application of the statue of frauds. *See generally Roberts v. Friedell*, 15 N.W.2d 496 (Minn. 1944). The statute of frauds, as the name suggests, is meant to shield parties from fraudulent claims about the terms of a contract by requiring those terms to be reduced to writing. But where applying the statute of frauds "will protect, rather than prevent, a fraud, equity requires that the doctrine of equitable estoppel be applied." *Lunning v. Land O'Lakes*, 303 N.W.2d 452, 457 (Minn. 1980).

The MCAS is in the nature of a statute of frauds; indeed, Minnesota courts often refer to the MCAS as "the Minnesota credit-agreement statute of frauds." *Scally v. Norwest Mortg., Inc.*, No. C4-02-2181, 2003 WL 22039526, at *3 (Minn. Ct. App. Sept. 2, 2003). *See also Grace Capital, LLC v. Mills*, No. A09-1857, 2010 WL 3396817, at *6 (Minn. Ct. App. Aug. 31, 2010) (referring to the MCAS as "Minnesota's credit-agreement statute of frauds"). The "basic purpose" of both the traditional statute of frauds and the MCAS is to "provide reasonable safeguards to insure honest dealing." *Rural Am. Bank of Greenwald v. Herickhoff*, 485 N.W.2d 702, 707 (Minn. 1992). Both the traditional statute of frauds and the MCAS require parties to commit certain types of agreements to writing if the parties want to enforce those agreements in court. Given the similarities between the traditional statute of frauds and the MCAS, the Court agrees with the Stumms that a defendant may be equitably estopped from relying on the MCAS in defending a promissory-estoppel claim.[4]

---

[4]Bank of America asks the Court to reject decisions that apply equitable estoppel to the MCAS, arguing that the MCAS was enacted to protect lenders in response to an epidemic of claims asserting that written credit agreements had been orally altered, and that the Minnesota legislature therefore likely intended the MCAS to foreclose all such claims. But the weight of case law is against Bank of America on this point. *See, e.g., Raucutt v. U.S. Bank, N.A.*, No. 11-CV-2948, 2012 WL 1242320, at *3 (D. Minn. Feb. 23, 2012); *Brickwell Cmty. Bank v. Wycliff*

Just as invoking the traditional statute of frauds is an affirmative defense under Rule 8(c)(1), so, too, is invoking the MCAS in response to a promissory-estoppel claim. Ordinarily, "a plaintiff need not plead facts responsive to an affirmative defense before it is raised." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009). The Eighth Circuit has held, however, that "[i]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *C.H. Robinson Worldwide, Inc. v. Lobrano*, Nos. 11-2777, 11-2893, 2012 WL 4511618, at *3 (8th Cir. Oct. 3, 2012) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)).

Here, an affirmative defense is plainly apparent on the face of the Stumms' amended complaint. The amended complaint is grounded on the alleged promise of a BAC representative to postpone a foreclosure sale. As noted, the Eighth Circuit has squarely held that such a promise must be in writing under the MCAS, *Brisbin*, 679 F.3d at 753, and the Minnesota Court of Appeals had earlier reached the same conclusion, *see, e.g.*, *Johnson v. Nationstar Mortg., LLC*, No. A11-884, 2011 WL 6306681, at *2-3 (Minn. Ct. App. Dec. 19, 2011) (dismissing a promissory-estoppel claim ); *BankCherokee v. Insignia Dev., LLC*, 779 N.W.2d 896, 902 (Minn. Ct. App. 2010) (finding that promises to forebear repayment or make other financial accommodations must be set forth in writing). It is thus plain from the face of the Stumms' amended complaint that they are seeking to enforce a promise that must be in writing under the

---

*Associates II, LLC*, No. A10-1396, 2011 WL 1237524, at *6 (Minn. Ct. App. Apr. 5, 2011); *Highland Bank v. Dyab*, No. A10-824, 2011 WL 781169, at *8 (Minn. Ct. App. Mar. 8, 2011). Moreover, at the time that it enacted the MCAS, the Minnesota legislature must have known that the Minnesota courts have applied equitable estoppel to limit the reach of the traditional statute of frauds. The legislature could have explicitly provided that the reach of the MCAS should not be similarly limited, but the legislature did not do so.

MCAS. "[W]hen a plaintiff's complaint . . . sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2010). *See also South Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 103-08 (2d Cir. 2009) (affirming dismissal of claim on statute-of-frauds grounds); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1383-87 (10th Cir. 1997) (same).

Because the promissory-estoppel claim pleaded by the Stumms is on its face subject to dismissal under the MCAS, it was incumbent on the Stumms to plead sufficient facts to overcome the application of the MCAS. This is simply an application of *Twombly*'s and *Iqbal*'s requirement that a plaintiff plead a "plausible" claim. Suppose, for example, that a plaintiff brought a claim seeking to recover for injuries that she suffered in a car accident in 1982. Such a claim would, on its face, be barred by the statute of limitations. If the plaintiff's complaint does not include *some* basis for avoiding the statute of limitations, the plaintiff has not pleaded a plausible claim, and the claim must be dismissed.[5] Here, the Stumms promissory-estoppel claim is as clearly barred by the MCAS as a 30-year-old car-accident claim would be barred by the statute of limitations. The claim is just not plausible unless the Stumms plead some facts that would allow a court to find that the MCAS has been overcome.

As noted, the Stumms seek to avoid application of the MCAS through the doctrine of equitable estoppel. Because a claim of equitable estoppel sounds in fraud, *see Lunning*, 303 N.W.2d at 457, its elements probably must be alleged with particularity under Rule 9(b), *Drobnak v. Andersen Corp.*, 561 F.3d 778, 784 (8th Cir. 2009). But even if that is not true, its

---

[5]*See, e.g., Walker v. Barrett*, 650 F.3d 1198 (8th Cir. 2011) (affirming dismissal of claims on statute-of-limitations grounds); *Indep. Trust Corp.*, 665 F.3d at 935 (same).

elements must be sufficiently alleged under Rule 8(a) — that is, the plaintiff must allege enough facts to allow a court to determine that she has a plausible claim of equitable estoppel. The elements of a claim of equitable estoppel include:

> (1) conduct amounting to a representation or concealment of material facts that are (2) known to the party estopped and (3) unknown to the party claiming the benefit of the estoppel, and (4) the conduct is done with the intent or expectation that the party would act on it, and (5) the party does act on it (6) to his detriment.

*Raucutt v. U.S. Bank, N.A.*, No. 11-CV-2948, 2012 WL 1242320, at *3 (D. Minn. Feb. 23, 2012) (citing *Lunning*, 303 N.W.2d at 457 (Minn. 1980)). Clearly, then, detrimental reliance is a critical element of equitable estoppel — and just as clearly, the Stumms have not pleaded sufficient facts to set forth a plausible claim that they relied to their detriment on the promise of the BAC representative that the sheriff's sale would be postponed.

In sum, because the Stumms' promissory-estoppel claim on its face is barred by the MCAS, that claim is not plausible unless the Stumms plead facts that, if true, would permit the Stumms to avoid application of the MCAS. The Stumms have failed to plead such facts, and therefore their promissory-estoppel claim must be dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 20] is GRANTED.

2. Plaintiffs' amended complaint [ECF No. 16] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 24, 2012        s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge